1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6

7   UNITED STATES OF AMERICA,              Case Nos.  16-cr-00189-JSC-1
8              Plaintiff,                              21-cv-03304-JSC
9         v.
10  SUNITHA GUNTIPALLY,                     **ORDER RE: MS. GUNTIPALLY'S
                                            MOTION FOR RECONSIDERATION**
            Defendant.
11                                          Re: Dkt. No. 461
12  SUNITHA GUNTIPALLY,
13             Plaintiff,
14        v.
15  UNITED STATES OF AMERICA,
16             Defendant.
17

18       Ms. Sunitha Guntipally moves for reconsideration of the Court's prior denial of her request
19  for a certificate of appealability of the Court's order denying her 28 U.S.C. § 2255 motion to
20  vacate, set aside or correct her sentence.  (Dkt. No. 461.)[1]  The Court previously considered Ms.
21  Guntipally's motion and deferred final determination of the matter until the Ninth Circuit issued
22  its decision in *United States v. Patnaik*, 23-10043, because "the issue of materiality is squarely at
23  issue" there.  (Dkt. No. 466.)  The Ninth Circuit having issued its decision, the Court now
24  DENIES Ms. Gunitpally's motion.
25

26  _____
27  [1] Record citations are to material in the Electronic Case File ("ECF") number 16-cr-00189-JSC-1;
    pinpoint citations are to the ECF-generated page numbers at the top of the documents.  Ms.
28  Guntipally filed this motion under her criminal docket 16-cr-00189-JSC-1, but this motion relates
    to her Habeas petition, 21-cv-03304-JSC.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Ms. Guntipally pleaded guilty to conspiracy to commit visa fraud, use of false documents,

2    mail fraud, obstruction of justice, and witness tampering in violation of 18 U.S.C. § 371.  (Dkt.

3    No. 165.)  In her plea, Ms. Guntipally admitted she submitted "more than 100 phony H-1B visa

4    applications … [containing] false representations and material omissions about the nature and

5    existence of purported end-client companies and the nature, existence, and scope of H-1B

6    positions."  (Dkt. No. 165 at 3.)  These applications "were designed and intended to create a pool

7    of H-1B beneficiaries who then could be placed at legitimate employment positions," which gave

8    Ms. Guntipally and co-Defendants an "advantage over competing employment staffing firms."

9    (*Id.* at 4.)  In December 2017, the district court to whom the case was then assigned, sentenced

10   Ms. Guntipally to 52 months imprisonment and three years supervised release.  (Dkt. No. 206.)

11   After appeal, the Ninth Circuit vacated and remanded for resentencing, since the district court did

12   not invite Ms. Guntipally to allocute at her sentencing hearing.  (Dkt. No. 278.)  The district court

13   resentenced her to the same sentence.  (Dkt. No. 362.)

14   In 2019, Ms. Guntipally moved to withdraw her guilty plea based on ineffective assistance

15   of counsel.  (Dkt. No. 296.)  The district court denied her motion and the Ninth Circuit affirmed,

16   holding "the record provided sufficient evidence to show that Guntipally's claims of ineffective

17   assistance of counsel were unfounded."  (Dkt. No. 421.)

18   In 2020, Ms. Guntipally moved the district court to reduce her sentence to 33 months.

19   (Dkt. No. 423.)  The district court granted her motion, reducing her sentence to time served and

20   ordered her released to immigration custody pursuant to her detainer for removal.  (Dkt. No. 428.)

21   After her release, in January 2021, the Department of Homeland Security placed Ms. Guntipally in

22   removal proceedings.  (Dkt. No. 440-1 ¶¶ 11-12.)  An Immigration Judge found her removable

23   and granted her 60 days to file applications for relief.  (*Id.*)  One of Ms. Guntipally's relatives filed

24   a visa petition on her behalf with U.S. Citizenship and Immigration Services ("USCIS") and an

25   Immigration Judge subsequently administratively closed these proceedings to allow USCIS to

26   adjudicate the petition prior to final determination on removal.  (*Id.* ¶¶ 13-16.)

27   In 2022, Ms. Guntipally moved to vacate, set aside, or correct her sentence under 28

28   U.S.C. § 2255(a).  (Dkt. No. 433.)  As the district judge who had previously handled her case was

no longer on the district court, her case was reassigned to the undersigned district court judge. (Dkt. Nos. 438, 453.) Her motion argued her sentence violated her Sixth Amendment right to counsel because her counsel failed to advise her of an available defense, namely that the misstatements that underpinned her fraud conviction "were not material to the decision to grant or deny the visas sought." (Dkt. No. 433-1 at 7.) As support for this position, Ms. Guntipally relied on *ITServe Alliance v. Cissna*, 443 F. Supp. 3d 14 (D.D.C. 2020) which found USCIS's requirements that employers provide "proof of non-speculative work assignments [] for the duration of the visa period" exceeded its rulemaking authority. *ITServe*, 443 F.Supp. 3d at 20. Because USCIS could not require employers provide proof of non-speculative work assignments in considering denials of H-1B visas, she argued, her misstatements were not material "with respect to the end employer and the nature, existence, and scope of [H-1B] positions." (Dkt. No. 443-1 at 7-8.) The Court disagreed. (Dkt. No. 455.)

In its denial of Ms. Guntipally's habeas petition, the Court found:

> That case held that USCIS erred in denying H-1B visa applications on the basis that the employers did not provide proof of non-speculative work assignments for the three-year visa period and corresponding itineraries. *ITServe*, 443 F. Supp. 3d at 38-42. The case in no way suggests that Ms. Guntipally's false statements about available positions were not material. Even if USCIS could not require employers to provide certain kinds of proof, applicants such as Ms. Guntipally are required to be truthful in the H-1B applications themselves.

(Dkt. No. 455 at 5.) Counsel was not constitutionally ineffective because "*ITServe* does not provide an objectively reasonable basis" for legal advice that her statements to USCIS were immaterial. (*Id.*)

Ms. Guntipally subsequently moved for a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c). (Dkt. No. 456.) The Court denied her motion, (Dkt. No. 457), and the Ninth Circuit did the same. (Dkt. No. 460.) Ms. Guntipally subsequently moved the Ninth Circuit to reconsider its decision, which it proceeded to deny. *United States v. Guntipally*, No. 22-16052, Dkt. Nos. 8, 9 (9th Cir. Feb. 1, 2024). The two-judge Ninth Circuit panel ordered "[n]o further filings will be entertained in this closed case." *Id.* Dkt. No. 9.

United States District Court
Northern District of California

3

1      Months later, a different panel of two Ninth Circuit judges granted a request for a

2 certificate of appealability after Judge Breyer denied a similar request on similar grounds as this

3 Court. *United States v. Prasad*, No. 23-1968, Dkt. No. 9 (9th Cir. Aug. 26, 2024). In its order, the

4 Ninth Circuit concluded the motion:

> states at least one federal constitutional claim debatable among jurists
> of reason, namely whether appellant's visa fraud convictions must be
> vacated because a misrepresentation that H-1B visa beneficiaries had
> 'actual existing work projects' is not a material fact under 18 U.S.C.
> § 1546(a), we grant the request for a certificate of appealability [] with
> respect to the following issue: whether the district court properly
> determined that the above-stated claim was procedurally defaulted,
> including whether appellant has shown cause and prejudice to excuse
> the default based on ineffective assistance of appellate counsel.

10 *Id.* at 2. The panel noted further "*United States v. Patnaik*, No. 23-10043, which concerns a

11 similar materiality issue, is scheduled for oral argument on September 10, 2024." *Id.* The Ninth

12 Circuit panel in *Patnaik* reviewed a district court's dismissal of an indictment on the grounds that

13 under *ITServe*, fraudulent statements to USCIS could not be "material given that USCIS is

14 prohibited from asking for this information." *United States v. Patnaik*, 23-10043, Dkt. No. 9 at 8

15 (9th Cir. Aug. 25, 2023) (excerpts from the record). *Prasad* has yet to be fully briefed, and at the

16 time the Court issued its order holding the matter in abeyance, the court in *Patnaik* had not yet

17 made a final ruling. On January 14, 2025, the Ninth Circuit decided *Patnaik*.

18      Ms. Guntipally's motion for reconsideration argues "the 'existence, and scope of H1-B

19 positions' referred to as 'material fact' in Guntipally's indictment under 18 U.S.C. § 1546(a) is

20 neither a material fact nor a requirement in an H1-B petition, and never was." (Dkt. No. 461 at 8.)

21 But the Ninth Circuit panel held in *Patanaik*:

> [U]nder longstanding principles, the government may protect itself
> against "those who swindle it" even if the government demanded
> answers to questions it had no right asking. *See United States v. Kapp*,
> 302 U.S. 214, 218 (1937). So lying on H1-B visa applications
> remains visa fraud even when the lies were given in response to
> questions the government can't legally ask—as long as the
> misrepresentations could have influenced USCIS at the time they
> were made.

27 *United States v. Patnaik*, No. 23-10043, --- F.4th ---, 2025 WL 85836, at *2 (9th Cir. Jan. 14,

28 2025). Because the Ninth Circuit decided the question of materiality contrary to Ms. Guntipally's

United States District Court
Northern District of California

4

1  position in her motion, the Court finds there is no basis for her requested relief.

2        For these reasons, the Court therefore DENIES Ms. Guntipally's motion for

3  reconsideration.

4        This Order disposes of Docket No. 461 in Case No. 16-cr-00189-JSC-1.

5        **IT IS SO ORDERED.**

6  Dated: January 14, 2025

7

8  

9  JACQUELINE SCOTT CORLEY
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5